UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NEAL D. GOLDBERG, M.D.,
                              Plaintiff,

v.                                         **OPINION AND ORDER**

AETNA INSURANCE COMPANY, JOHN        17 CV 9621 (VB)
AND JANE DOES (1-10), and ABC
CORPORATIONS (1-10),
                              Defendants.
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Neal D. Goldberg, M.D., brings this action against defendant Aetna Insurance Company ("Aetna"), as well as several as yet unidentified defendants, asserting claims for breach of contract, promissory estoppel, account stated, and fraudulent inducement.

On December 7, 2017, Aetna removed the case from Supreme Court, Westchester County, to this Court.

Now pending is plaintiff's motion to remand the case to state court. (Doc. #6).

For the following reasons, the motion is GRANTED.

## BACKGROUND

In considering the motion to remand, the Court accepts as true all relevant allegations in the complaint and construes all factual ambiguities in plaintiff's favor. See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006). The Court may consider materials outside the complaint, "such as documents attached to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." Romero v. DHL Express (U.S.A), Inc., 2016 WL 6584484, at *1 (S.D.N.Y. Nov. 7, 2016) (citing BGC Partners, Inc. v. Avison Young (Canada), Inc., 919 F. Supp. 2d 310, 312 n.3 (S.D.N.Y. 2013)).

1

Plaintiff is an out-of-network healthcare provider who performed two medically-necessary surgeries on patient "DS." DS was covered under her employer's health insurance plan with Aetna.

Prior to the first surgery, DS assigned all medical benefits to plaintiff. Plaintiff's office also called Aetna to request prior authorization to perform the surgery. Aetna authorized the surgery and, on September 11, 2014, plaintiff performed the surgery.

DS returned to plaintiff for a second surgery. Plaintiff's office again called Aetna to request prior authorization for the surgery. Aetna authorized the surgery and, on November 2, 2015, plaintiff performed the surgery.

Plaintiff billed Aetna $20,575 for the first surgery and $33,567 for the second. Plaintiff alleges the combined $54,142 for the two surgeries represents usual and customary charges for such procedures.

Aetna paid plaintiff a total of $26,211 for the surgeries.

Plaintiff filed a complaint in Supreme Court, Westchester County, on October 4, 2017, asserting state law claims for breach of contract, promissory estoppel, account stated, and fraudulent inducement. He alleges Aetna failed to pay the usual and customary rate for plaintiff's services and therefore he is owed $27,931 plus interest, costs, and attorney's fees.

On December 7, 2017, Aetna removed this case to federal court based on federal question jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140.

## DISCUSSION

I.  Legal Standard

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A

district court has subject matter jurisdiction over removed cases "arising under" federal law for purposes of 28 U.S.C. § 1331, "when the plaintiff's 'well-pleaded complaint' raises an issue of federal law." New York v. Shinnecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).

The rules regarding removal are to be strictly construed. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (citation and internal quotation marks omitted). Thus, the party seeking removal and asserting federal jurisdiction bears the burden of establishing the court has original jurisdiction. McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d 141, 145 (2d Cir. 2017).

"Under the well-pleaded complaint rule, a defendant generally may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d at 145 (citation and internal quotation marks omitted) (emphasis in original). There is an exception, however, when "a federal statute wholly displaces the state-law cause of action, such that the claim, even if pleaded in terms of state law, is in reality based on federal law." Id. (citation and internal quotation marks omitted).

II. The Motion to Remand

    A. ERISA Policy

As an initial matter, plaintiff argues Aetna failed to allege in its Notice of Removal that the insurance policy at issue is governed by ERISA.

The Court disagrees.

3

Aetna adequately alleged the insurance policy is an ERISA policy in its Notice of Removal. (See Notice of Removal at 2) ("[P]laintiff's claims relate to an ERISA employee benefit plan.").

B.  Preemption

Aetna argues ERISA completely preempts plaintiff's state law claims, and therefore the Court has subject matter jurisdiction.

The Court disagrees.

The ERISA civil enforcement scheme allows a plan "participant" or "beneficiary" to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B) (codified at 29 U.S.C. § 1132(a)). ERISA "completely preempts any state-law cause of action that 'duplicates, supplements, or supplants' an ERISA remedy." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004)). Thus, if plaintiff's claims "fall within the scope of § 502(a)(1)(B)," those claims are preempted by ERISA. Id. at 328.

The Supreme Court established a two-part test to determine whether a claim falls "within the scope" of Section 502(a)(1)(B). Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d at 328 (quoting Aetna Health Inc. v. Davila, 542 U.S. at 210). ERISA completely preempts claims when (i) they are brought by "an individual [who], at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (ii) "there is no other independent legal duty that is implicated by a defendant's actions." Aetna Health Inc. v. Davila, 542 U.S. at 210. "The test is conjunctive; a state-law cause of action is preempted only if both prongs of the test are satisfied." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d at 328 (citation omitted).

To determine whether an individual could have brought his claim under ERISA Section 502(a)(1)(B), the Court must consider (i) "whether the plaintiff is the <u>type</u> of party that can bring a claim pursuant to § 502(a)(1)(B)," and (ii) "whether the <u>actual claim</u> that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." <u>Montefiore Med. Ctr. v. Teamsters Local 272</u>, 642 F.3d at 328 (citation omitted).

Aetna argues plaintiff had standing to bring a claim pursuant to Section 502(a)(1)(B). The Court disagrees.

"Under § 502(a), a civil action may be brought 'by a participant or beneficiary' of an ERISA plan to recover benefits due to him under the terms of that plan." <u>McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.</u>, 857 F.3d at 146 (citing 29 U.S.C. § 1132(a)(1)(B)). "ERISA defines a beneficiary as 'a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.'" <u>Id</u>. (citing 29 U.S.C. § 1002(2)(B)(8)). "Although § 502(a) is narrowly construed to permit only the enumerated parties to sue directly for relief, [the Second Circuit has] 'carv[ed] out a narrow exception to the ERISA standing requirements' to grant standing 'to healthcare providers to whom a beneficiary has assigned his claim in exchange for health care.'" <u>Id</u>. (quoting <u>Montefiore Med. Ctr. v. Teamsters Local 272</u>, 642 F.3d at 329) (alterations in original).

In <u>McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.</u>, the Second Circuit held an out-of-network health care provider was not the type of party who could bring a claim pursuant to Section 502(a)(1)(B) because the health care provider did not have a valid assignment for payment. 857 F.3d at 148. The patient had authorized payment of medical benefits to the health care provider, but the court held the assignment was ineffective because the health care plan contained an anti-assignment provision. <u>Id</u>. at 147 (citing <u>Allhusen v. Caristo</u>

Constr. Corp., 303 N.Y. 446, 452 (1952)). That provision stated, "although [c]overage may be assigned . . . with the written consent of Aetna[,] . . . Aetna will not accept an assignment to an out-of-network provider." Id. (citation and internal quotation marks omitted) (alterations in original).

Here, patient DS signed forms purporting to assign plaintiff—an out-of-network provider—medical benefits. The health plan, however, contains an identical anti-assignment provision to the one at issue in McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc. prohibiting assignment to out-of-network providers. (See Hunt Aff., Ex. A at 70).

Thus, plaintiff did not and could not receive a valid assignment. And without a valid assignment, plaintiff did not have standing to bring a claim pursuant to Section 502(a)(1)(B).

Aetna argues it can remedy the standing issue by waiving the anti-assignment provision.

Aetna's offer to waive the anti-assignment provision is no more than an attempt to circumvent the Court's lack of subject matter jurisdiction. Aetna's argument fails because "[a] party . . . cannot waive a defect in a federal court's subject matter jurisdiction." United States v. 27.09 Acres of Land, 1 F.3d 107, 111 (2d Cir. 1993).

Finally, Aetna argues plaintiff did not exhaust his administrative remedies because plaintiff did not file any internal appeals with respect to the payment for the second surgery. But Aetna fails to show or support with any authority its proposition that plaintiff must exhaust the insurance company's internal appeals process before bringing suit.

Because the Court finds plaintiff did not have standing to bring a claim under Section 502(a)(1)(B), plaintiff's claims do not fall within the scope of Section 502(a)(1)(B).

As the two-part test is conjunctive, the Court need not determine whether plaintiff's claim is a colorable claim for benefits pursuant to Section 502(a)(1)(B) or whether there is an independent legal duty that is implicated by Aetna's actions.

Accordingly, the Court does not have subject matter jurisdiction over this case.

## CONCLUSION

Plaintiff's motion to remand is GRANTED.

The Clerk is instructed to terminate the pending motion (Doc. #6) and remand this case to Supreme Court, Westchester County.

Dated: March 8, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge